## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| **ELECTRONIC PRIVACY** ) | |
| **INFORMATION CENTER** ) | |
| **1718 Connecticut Avenue, N.W.** ) | |
| **Suite 200** ) | |
| **Washington, D.C. 20009,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. _____** |
| ) | |
| **UNITED STATES** ) | |
| **DEPARTMENT OF JUSTICE** ) | |
| **950 Pennsylvania Avenue, N.W.** ) | |
| **Washington, D.C. 20230** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

### COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)

(2009), for injunctive and other appropriate relief, seeking the release of agency records

requested by Plaintiff Electronic Privacy Information Center ("EPIC") from Defendant United

States Department of Justice ("DOJ").

2. Specifically, EPIC challenges the failure of the DOJ to disclose non-exempt records in

response to EPIC's Freedom of Information Act request for reports by the DOJ's Office of the

Inspector General ("EPIC FOIA Request"). EPIC now seeks an injunctive order requiring

disclosure, as soon as practicable, of all responsive, non-exempt records.

**Jurisdiction and Venue**

3.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. §§

552(a)(4)(A)(vii), (a)(4)(B), and (a)(6)(c)(i). This Court has personal jurisdiction over Defendant

DOJ.

4.      Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

5.      Plaintiff EPIC is a public-interest research organization incorporated as a 501(c)(3) non-

profit corporation in Washington, D.C. EPIC conducts government oversight and analyzes the

impact of government programs on civil liberties and privacy interests. EPIC publishes books,

reports, and a bi-weekly newsletter. EPIC also maintains a popular website, epic.org, where

EPIC publishes educational resources about emerging privacy and civil liberties issues, including

documents obtained from federal agencies under the FOIA. EPIC routinely disseminates

information to the public through the EPIC website, the EPIC Alert, and various other news

organizations. EPIC is a representative of the news media.

6.      Defendant DOJ is a federal agency within the meaning of the FOIA, 5 U.S.C. § 552(f)(1).

Defendant DOJ is headquartered in Washington, D.C.

**Facts**

**DOJ Office of the Inspector General Reports**

7.      The stated mission of the DOJ's Office of the Inspector General ("OIG") is "to detect and

deter waste, fraud, abuse, and misconduct in DOJ programs and personnel, and to promote

economy and efficiency in those programs."[1]

---

[1] *About the Office*, Dep't of Justice, Office of the Inspector General, https://oig.justice.gov/about/ (last updated June 2016).

8.      The OIG "investigates alleged violations of criminal and civil laws by DOJ employees and also audits and inspects DOJ programs."[2]

9.      The OIG describes its findings and recommendations in reports ("OIG reports"), some of which are published on the agency's website.[3]

10.     IG reports are critical for the public to understand the measures taken to increase the efficiency and effectiveness of the DOJ, and as a mechanism to hold the agency accountable.

11.     For example, in 2010, the OIG issued a report on the Federal Bureau of Investigation's ("FBI") use of "exigent letters" and other means to obtain telephone records from three unnamed phone companies.[4] The 300-page report concluded that many of the FBI's practices "violated FBI guidelines, Department policy," and the Electronic Communications Privacy Act. The OIG report established that "the FBI's initial attempts at corrective action were seriously deficient, ill-conceived, and poorly executed," and proposed recommendations for improvement.

12.     The OIG report led to increased public scrutiny of the FBI's practices, including a hearing before the U.S. House of Representatives Committee on the Judiciary.[5]

13.     These OIG investigations help to ensure that the DOJ is managed ethically and responsibly, and promotes public confidence in the operations of the federal agency.

---

[2] *Id.*

[3] *Reports*, Dep't of Justice, Office of the Inspector General, https://oig.justice.gov/reports/ (last visited July 5, 2016).

[4] *A Review of the Federal Bureau of Investigation's Use of Exigent Letters and Other Informal Requests for Telephone Records*, Dep't of Justice, Office of the Inspector General (Jan. 2010), https://oig.justice.gov/special/s1001r.pdf.

[5] *Hearing on The Report by the Office of the Inspector General of the Department of Justice on the Federal Bureau of Investigation's Use of Exigent Letters and Other Informal Requests for Telephone Records Before the Subcomm. on the Const., Civil Rights, & Civil Liberties of the H. Comm. on the Judiciary*, 111th Cong. 85 (2010), https://judiciary.house.gov/_files/hearings/hear_100414.html.

14.     However, not all IG reports are made available to the public. As a consequence, the

public is deprived of the opportunity to be fully informed of the activities of a major federal

agency.

## EPIC's FOIA Request

15.     On November 4, 2015, EPIC submitted, via fax and email, a FOIA Request to the Ms.

Deborah Waller, Government Information Specialist, at the DOJ's Office of the Inspector

General.

16.     EPIC's FOIA Request sought portions of non-public OIG reports. Specifically, EPIC

sought:

- Title Pages, Tables of Contents, and Executive Summary of each final, non-public Inspector General report created since January 1, 2005 that falls under the falling report categories listed on the Office of the Inspector General's website:
  - Audits and Reviews by Component
  - External Audits → Office of Justice Programs (OJP) Grant Audits
  - External Audits → Combined DNA Index System (CODIS) Audits

17.     EPIC sought "news media" fee status under 5 U.S.C. § 552(4)(A)(ii).

18.     EPIC also sought a waiver of all duplication fees under 5 U.S.C. § 552(a)(4)(A)(iii),

arguing that disclosure of the requested records would "contribute significantly to public

understanding of the operations or activities of the government."

19.     In a letter dated November 17, 2015, the DOJ acknowledged EPIC's FOIA request and

assigned it FOIA Reference Number 16-OIG-029.

20.     In the November 17 letter, the DOJ made no determination as to EPIC's news-media

status request or fee waiver request, but advised EPIC "that fees may be charged for searching

for records . . . and for duplication of copies."

21.     On March 22, 2016, EPIC National Security Counsel, Jeramie Scott, called the DOJ's

OIG to inquire about the status of EPIC's FOIA request. In that phone call, the agency informed

Mr. Scott that apart from the November 17 acknowledgment, the agency had no update.

22.     The DOJ has not made any determination as to EPIC's FOIA Request.

**EPIC's Constructive Exhaustion of Administrative Remedies**

23.     It has been 122 days since the DOJ received EPIC's FOIA Request.

24.     The DOJ has failed to make a determination regarding EPIC's FOIA Request within the

time period prescribed by 5 U.S.C. §§ 552(a)(6)(A)(i), (ii) and (a)(6)(E)(iii).

25.     The DOJ's failure to make a determination within the statutory limit violates the FOIA.

26.     EPIC has constructively exhausted all administrative remedies under 5 U.S.C. §

552(a)(6)(C)(i).

## Count I

### Violation of FOIA: Failure to Comply with Statutory Deadlines

27.     Plaintiff asserts and incorporates by reference paragraphs 1-26.

28.     Defendant DOJ has failed to make a determination regarding EPIC's FOIA Request

within twenty business days, and has thus violated the deadline under 5 U.S.C. § 552(a)(6)(A)(i)

and 28 C.F.R. § 16.5.

29.     Plaintiff has constructively exhausted all applicable administrative remedies with respect

to EPIC's FOIA Request.

## Count II

### Violation of FOIA: Unlawful Withholding of Agency Records

30.     Plaintiff asserts and incorporates by reference paragraphs 1-26.

31.     Defendant has wrongfully withheld agency records requested by Plaintiff.

32.     Plaintiff has constructively exhausted applicable administrative remedies with respect to Defendant's withholding of the requested records.

33.     Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

## **Requested Relief**

WHEREFORE, Plaintiff requests that this Court:

A. Order Defendant to conduct a reasonable search for all responsive records;

B. Order Defendant to disclose to Plaintiff, as soon as practicable, all responsive, non-exempt records;

C. Order Defendant to produce a *Vaughn* Index identifying any records or portions of records withheld, if such records exist, stating the statutory exemption claimed and explaining how disclosure would damage the interests protected by the claimed exemption;

D. Order Defendant to produce the records sought without the assessment of search fees;

E. Order Defendant to grant Plaintiff's request for a fee waiver;

F. Award Plaintiff costs and reasonable attorney's fees incurred in this action; and

G. Grant such other relief as the Court may deem just and proper.

Respectfully Submitted,

Marc Rotenberg, D.C. Bar # 422825
EPIC President

Alan Butler, D.C. Bar # 1012128
EPIC Senior Counsel

By: */s/ T. John Tran*
T. John Tran, D.C. Bar # 1027767

ELECTRONIC PRIVACY
INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

Dated: July 5, 2016