UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>*Defendant*. | Civil Action No. 16-1402 (ABJ) |

**NOTICE REGARDING SERVICE OF COMPLAINT AND
MOTION TO SET DUE DATE FOR DEFENDANT TO
ANSWER OR OTHERWISE RESPOND TO COMPLAINT**

Plaintiff commenced this action on July 5, 2016, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking access to records that it asserts are maintained by the United States Department of Justice, Office of Inspector General. Complaint (ECF No. 1). Plaintiff subsequently filed an "Affidavit of Mailing" indicating that a copy of the summons was sent as Certified Mail Article Number 7015 1520 0000 5320 5183, addressed to "US Attorney; 555 Fourth St., NW; Washington DC 20530," on July 6, 2016. *See* ECF No. 6-4.

The United States Attorney's Office for the District of Columbia is located at 555 Fourth Street, NW, Washington, D.C., the address to which Article Number 7015 1520 0000 5320 5183 was sent. However, because of safety precautions implemented in response to the anthrax attacks in 2001, mail addressed to the Office is initially routed through the main mail room for the Department of Justice. This is accomplished through use of the ZIP Code 20530. Declaration of Daniel F. Van Horn ("Van Horn Dec."), attached hereto as Exhibit 1, ¶ 3.

Although it appears that the certified mail package designated Article Number 7015 1520 0000 5320 5183 was received at the Department of Justice mailroom on July 11, 2016, none of the personnel who work at the Department of Justice's mail room are employees of the United States Attorney's Office, none of them have been designated to function as a civil process clerk for that Office, and none of them are authorized to receive service of civil actions on behalf of the United States Attorney.  *Id.* ¶ 4.

There is no record indicating that the service package for this case was ever received by anyone who is authorized to receive service of civil actions on behalf of the United States Attorney.  *Id*. ¶4.  The United States Attorney's Office's procedure for recording receipt of service in a civil action is for a civil process clerk to write the date of receipt on the summons and to record the name of the case and the civil action number in a calendar book (the "Service Book") maintained for that purpose.  *Id*. ¶5. There is no entry in the Service Book reflecting service of the summons and complaint for the above-captioned civil action from July 11, 2016, to the present.  *Id.* ¶¶ 5-7.  In addition, the Office's Civil Division maintains a Certified Mail Log with the article numbers for all incoming certified mail received by the Civil Division, and there is no entry reflecting receipt of Article Number 7015 1520 0000 5320 5183 during that period.  *Id.*

FOIA requires a defendant federal agency to respond to a complaint within 30 days after the complaint is served on the agency.  5 U.S.C. § 552(a)(4)(C).  In order to serve an agency under Fed. R. Civ. P. 4(i)(2), the plaintiff must, *inter alia*, "serve the United States" as prescribed in Fed. R. Civ. P. 4(i)(1).  To serve the United States the plaintiff must:

    (i)    deliver a copy of the summons and complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or

    (ii)  send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office.

Fed. R. Civ. P. 4(i)(1)(A).  When sent by registered or certified mail, service is not effective unless and until the service package is actually received by the civil process clerk.  *Morse v. Elmira Country Club*, 752 F.2d 35, 42 (2d Cir. 1984) (noting that "service was effective where the recipient received the mail and accordingly obtained actual notice"); *cf. Woodruff v. Peters*, 482 F.3d 521, 525 (D.C. Cir. 2007) (rejecting untimeliness defense in absence of "hard proof" of actual receipt).

  Because the civil process clerk at the United States Attorney's Office did not receive service of process in this case, the United States has not been properly served, and the Defendant is currently under no obligation to respond to the complaint.  *See, e.g., Murphy Brothers v. Michetti Pipe Stringing*, 526 U.S. 344, 347 (1999) ("[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant"); *Scott v. District of Columbia*, 598 F. Supp. 2d 30, 36 (D.D.C. 2009) (defendant's obligation to respond to a complaint arises only upon proper service of the summons and complaint).

  The appropriate personnel within the Civil Division at the United States Attorney's Office did not become aware of this case until August 16, 2016.  Van Horn Dec., ¶ 7.  In order to avoid further delay and the administrative inconvenience of requiring Plaintiff to re-serve the summons and complaint, Defendant will, subject to the Court's approval, waive the requirement for formal service and treat the complaint as having been served on August 16, 2016, the date on which actual notice of the case was first obtained by responsible personnel at the United States Attorney's Office.  Accordingly, Defendant requests that the Court enter an Order setting

September 9, 2016 (*i.e.*, approximately 30 days after the deemed date of service) as the due date for Defendant to answer or otherwise respond to Plaintiff's complaint.[1]

If deemed necessary by the Court, Defendant in the alternative moves pursuant to Fed. R. Civ. P. 6(b)(1)(B), that the Court extend the time, *nunc pro tunc*, for Defendant to answer or otherwise respond to the Complaint to and including September 9, 2016. Defendant respectfully submits that the lack of proper service and absence of actual notice of the case by the appropriate personnel at the United States Attorney's Office establishes both good cause for the requested extension as well as "excusable neglect" for Defendant' failure to act earlier.

The parties conferred under Local Rule 7(m) and counsel for Plaintiff indicated that "EPIC would consent to a one-week extension for the DOJ's answer (Aug. 24), which would be a two-week extension from the original deadline (Aug. 10)."

Additional time is necessary so that the undersigned counsel can confer with the agency to learn more about the circumstances underlying Plaintiff's FOIA claims. However, the undersigned counsel has other immediate existing deadlines in a full docket of active cases. For instance, the undersigned counsel has motions *in limine* and a trial brief due on Friday August 19 in *Arnold v. Jewel*, Civ. No. 05-1475 (ESH), and the parties' joint pre-trial statement is due the following Thursday August 25. In addition, the undersigned counsel has to file a response in *Attkisson v. Holder*, Civ. No. 15-238 (ESG), on August 26, where the court has previously granted several extensions of time. For the week of August 29, the undersigned is scheduled to prepare agency witnesses for depositions in a Title VII matter and defend those depositions.

---

[1] As mentioned above, under 5 U.S.C. § 552(a)(4)(C), a federal agency has 30 days to respond to a properly served FOIA complaint. Here, counting from August 16, 2016, the 30th day is on September 16, 2016. However, earlier today, the undersigned counsel conferred with Plaintiff's counsel and only sought an extension of time until September 9, 2016.

Furthermore, additional time is needed for the undersigned counsel to prepare any draft response in this case for supervisory and agency review prior to filing it with the Court.

There is nothing in the record to suggest that granting this Motion would unduly prejudice the Plaintiff or affect the Court's orderly administration of this case.

For the foregoing reasons, Defendant respectfully requests that the Court the deadline of September 9, 2016, for Defendant to respond to Plaintiff's FOIA Complaint.

A proposed order is submitted herewith.

August 17, 2016                    Respectfully submitted,
                                   CHANNING D. PHILLIPS
                                   D.C. Bar #415793
                                   United States Attorney

                                   DANIEL F. VAN HORN
                                   D.C. BAR # 924092
                                   Chief, Civil Division

                        By:        _____//s_____
                                   JOHN C. TRUONG
                                   D.C. BAR #465901
                                   Assistant United States Attorney
                                   555 4th Street, N.W.
                                   Washington, D.C. 20530
                                   Tel: (202) 252-2524
                                   Fax: (202) 252-2599
                                   E-mail: John.Truong@usdoj.gov
                                   Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>*Defendant*. | Civil Action No. 16-1402 (ABJ) |

## [PROPOSED] ORDER

Upon Consideration of Defendant's Proposed Scheduling Order, the Court hereby **orders** that the Defendant file an answer or otherwise respond to Plaintiff's complaint no later than September 9, 2016.

It is so **ORDERED** by the Court this \_\_\_\_\_ day of _____, 2016.

_____
**UNITED STATES DISTRICT JUDGE**