## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELECTRONIC PRIVACY | ) | |
|     INFORMATION CENTER, | ) | |
| | ) | Case No. 1:16-cv-01402 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES | ) | |
|     DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR AN ORDER SETTING DUE DATE FOR DEFENDANT TO RESPOND TO COMPLAINT

Plaintiff Electronic Privacy Information Center ("EPIC") respectfully opposes the notice and motion by Defendant Department of Justice ("DOJ") for an order for an extension of time to respond to EPIC's Complaint. The DOJ's notice is based on a false premise, a misunderstanding of Federal Rule of Civil Procedure 4(i)(1), and runs contrary to decades of FOIA practice. Furthermore, if this Court were to adopt the DOJ's interpretation of Rule 4(i)(1), it would impose a substantial and unwarranted burden on all FOIA plaintiffs, including indigent plaintiffs and prisoners who could be denied access to legal relief. The DOJ has not shown "good cause" for a 30-day extension, and the Court should accordingly deny the agency's motion and require that an answer be filed within 7 days.

The DOJ correctly acknowledged that "FOIA requires a defendant federal agency to respond to a complaint within 30 days after the complaint is served on the agency." Notice 2, ECF No. 7. However, the DOJ goes on to argue, incorrectly, that service via certified mail under Fed. R. Civ. P. 4(i)(1)(A)(ii) is "not effective unless and until the service package is actually

1

received by the civil process clerk." Notice 3. This directly contradicts the plain language of

Rule 4, and the cases cited by the DOJ are not on point. Rule 4(i)(1)(A) states that to serve the

United States, a party must *either*

> (i)    deliver a copy of the summons and of the complaint to the United
>        States attorney for the district where the action is brought—or to an
>        assistant United States attorney or clerical employee whom the United
>        States attorney designates in a writing filed with the court clerk—or
> (ii)   send a copy of each by registered or certified mail to the civil-process
>        clerk at the United States attorney's office;

Fed. R. Civ. P. 4(i)(1)(A). Following Rule 4(i)(1)(A) therefore satisfies the requirement that a

plaintiff "effectuate proper service" on the United States. *Ning Ye v. Holder*, 644 F. Supp. 2d

112, 120–21 (D.D.C. 2009) ("That is, plaintiff must either deliver a copy of the summons and

complaint to the U.S. Attorney for the District of Columbia (or to an Assistant U.S. Attorney or

clerical employee whom the U.S. Attorney has designated in a writing filed with this Court's

Clerk) or send a copy of the summons and complaint by registered or certified mail to the civil-

process clerk at the USAO–DC.").

    EPIC has clearly met the requirements in this case. *See* Aff. of Mailing, ECF No. 6-4.

EPIC's affidavit, which is based on the template issued by this Court, states clearly that Mr. Tran

mailed a copy of the summons and complaint to "U.S. Attorney for the District of Columbia, c/o

Civil Process Clerk, Department of Justice, 555 4th St., NW, Washington, DC 20530." In the

opposition, the DOJ misrepresents the contents of EPIC's affidavit, claiming that the package

was addressed to "US Attorney." Notice 1. It appears that the DOJ was not even able to properly

read the affidavit that was filed with this Court. EPIC has satisfied the requirements of Rule 4

and effectuated service on the United States; the agency's arguments to the contrary are

frivolous.

In support of its contrary reading of Rule 4(i)(1)(A), the DOJ cites an out-of-circuit case that is more than 30 years old, *Morse v. Elmira Country Club*, 752 F.2d 35 (2d Cir. 1984), which (1) did not involve service on a United States agency and (2) was issued before the 1993 amendments to Rule 4 that created subsection (i)(1)(A) and permitted service on the United States via certified mail. The notes of the advisory committee state that:

> **Subdivision (i).** This subdivision retains much of the text of former subdivisions (d)(4) and (d)(5). Paragraph (1) provides for service of a summons on the United States; it amends former subdivision (d)(4) to permit the United States attorney to be served by registered or certified mail. The rule does not authorize the use of the Notice and Request procedure of revised subdivision (d) when the United States is the defendant. To assure proper handling of mail in the United States attorney's office, the authorized mail service must be specifically addressed to the civil process clerk of the office of the United States attorney.

Fed. R. Civ. P. 4(i) advisory committee's note to 1993 amendment. The DOJ also cites *Woodruff v. Peters*, 482 F.3d 521 (D.C. Cir. 2007), a case that does not even discuss Rule 4 or the issue of effective service on the United States. *Woodruff* concerned the government's failed assertion of an affirmative defense based on actual notice to a plaintiff in a discrimination case under 42 U.S.C. § 2000e–16(c). *Id.* at 525. That law is completely unrelated to Rule 4 and the court's discussion of notice by mail is irrelevant to the Rule 4 issue raised by the DOJ motion here.

Service on the United States by *certified mail* is a routine practice that has been widely acknowledged by courts in this district. *See, e.g.*, *Nabaya v. Dudeck*, 38 F. Supp. 3d 86, 96–97 (D.D.C. 2014) (acknowledging service by certified mail as effective on the United States Attorney for the District of Columbia); *Judd v. FCC*, 723 F. Supp. 2d 221, 225 (D.D.C. 2010) (directing plaintiff to serve federal defendants by certified mail); *Burton v. United States*, 668 F. Supp. 2d 86, 93 (D.D.C. 2009) (discussing the requirements of Rule 4(i)(1)); *Carvajal v. DEA*, 246 F.R.D. 374, 376 (D.D.C. 2007) (acknowledging service on the United States Attorney General effectuated by mail).

3

In fact, service on the United States Attorney for the District of Columbia via certified mail is routine in federal FOIA cases filed by EPIC and other plaintiffs. In more than twenty years of practice before courts in the D.C. Circuit, EPIC has routinely served the United States via certified mail without any objection by the government. This is the first case EPIC is aware of where the United States has filed such an objection. There are already three other cases before this Court, filed since January 1, 2016, where FOIA plaintiffs have effectuated service on the United States via certified mail. *See PEER v. USGS*, No. 16-886 (D.D.C. filed May 10, 2016); *Judicial Watch v. DOD*, No. 16-904 (D.D.C. filed may 12, 2016); *Sandoval v. DOJ*, No. 16-1013 (D.D.C. filed May 26, 2016).[1] The DOJ's proposed rule would run contrary to decades of FOIA practice, and would also impact other civil suits brought against the United States and impose unnecessary and unwarranted costs on plaintiffs (many of whom file suits *pro se* and may not have access to hand delivery services).

The DOJ cannot overturn decades of federal court precedent by expressing its "preferred means for service" in a letter to the Clerk of the Court. *See* Notice, Ex. 1, at 4, ECF No. 7-1. What matters for the purposes of Rule 4 is whether the plaintiff served the defendant according to the rules established by the advisory committee, approved by the Supreme Court, and enacted by Congress. The DOJ might wish that the rules for service were different, as they were prior to the 1993 amendments, but wishing does not make it so. The DOJ bears the obligation for operating their mail system in a way that ensures their attorneys obtain copies of the relevant documents. The requirements for effective service are clearly outlined in the Federal Rules of Civil Procedure and EPIC followed those rules here—including serving the USAO, the Attorney General, and the Defendant Department of Justice.

---

[1] EPIC notes that, according to the docket, the government has not yet filed an answer in the *Sandoval* case, which was filed by an inmate *pro se*.

The DOJ argues, in the alternative, that the court should "extend the time, *nunc pro tunc*, for Defendant to answer or otherwise respond to the Complaint to and including September 9, 2016." Judges in the D.C. Circuit strongly disfavor extensions, and impose strict requirements on requests for extensions. *See, e.g.*, Standing Order for Civil Cases, EPIC v. CIA, Civil Action No. 14-01645 at 3 (D.D.C. filed Oct. 4, 2014) (Judge Beryl A. Howell) ("Motions for extensions of time or for continuances of court proceedings are strongly discouraged."). For example, Chief Judge Howell requires parties seeking an extension, in addition to establishing good cause, to file their request "*at least 4 days prior* to the deadline the motion is seeking to extend" and to state:

i. the original date of the deadline the motion is seeking to extend or the scheduled hearing date;
ii. the number of previous extensions of time or continuances granted to each party;
iii. the good cause supporting the motion;
iv. the effect, if any, that the granting of the motion will have on existing deadlines;
v. for motions, suggested deadlines (reached in consultation with the opposing party) for the filing of any opposition and reply papers; for continuances, three alternative dates and times that are convenient to all parties; and
vi. the opposing party's position on the motion, including any reasons given for refusing to consent, *see* LCvR 7(m).

*Id*. (emphasis in original).

The DOJ did not acknowledge in its notice the negative impact that delay has on EPIC as a FOIA plaintiff. In FOIA cases, the claim is based on an unlawful withholding of agency records, and here EPIC seeks to obtain the Inspector General report summaries "as soon as practicable." Compl. 6, ECF No. 1. Given that the time needed to prepare an Answer is minimal, because agency answers in FOIA cases primarily consist of boilerplate responses to each allegation, the agency has not sufficiently justified a 30-day extension. The routine filing deadlines of a DOJ attorney are not "good cause" for an extension, especially where the attorney is new to the case and alternative counsel could easily be substituted.

For the foregoing reasons, the Court should deny the DOJ's motion and order the agency

to file an Answer to EPIC's Complaint within 7 days.

Respectfully submitted,

MARC ROTENBERG, D.C. Bar # 422825
EPIC President

_/s/ Alan J. Butler_
Alan J. Butler, D.C. Bar # 1012128
EPIC Senior Counsel
ELECTRONIC PRIVACY INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

_Counsel for Plaintiff_

Dated: August 18, 2016